United States District Court
Southern District of Texas
**ENTERED**
February 19, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVE SPENCER and FAYE SPENCER, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-4563 |
| ROBERT "BOB" WILSON, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Dave and Faye Spencer bring this lawsuit *pro se*. They claim that Defendants violated their civil rights and conspired against them in connection with the seizure of approximately 200 cats from Plaintiffs' cat sanctuary in Montgomery County. Defendants have moved to dismiss all of Plaintiffs' claims for lack of jurisdiction and for failure to state a claim upon which relief may be granted (Dkt. 40, Dkt. 42, Dkt. 44), Plaintiffs have responded (Dkt. 45, Dkt. 48, Dkt. 52), and Defendants have replied (Dkt. 47, Dkt. 49). In addition, two Defendants have filed a motion to amend the docket control order (Dkt. 53) and a motion to abate (Dkt. 54). All motions are ripe for decision.

Having considered the pleadings, the parties' briefing, the applicable law, and all matters of record, the Court concludes that Defendants' motions to dismiss should be **granted** and all of Plaintiffs' claims should be **dismissed** for the reasons explained below. Defendants' other pending motions will be **denied as moot**.

**I.   BACKGROUND**

Plaintiffs Dave and Faye Spencer, husband and wife, bring this suit against ten

defendants:

1. Robert "Bob" Wilson, an employee of the Houston Society for the Prevention of Cruelty to Animals (the "HSPCA");

2. the HSPCA, which Plaintiffs identify as a privately held corporation;

3. Jennifer Cartwright, Plaintiffs' neighbor;

4. Amy Blackwelder, a deputy sheriff for Montgomery County;

5. Ronald Chin, an assistant county attorney for Montgomery County;

6. Hon. Edie Connelly, Justice of the Peace, Precinct 3, Montgomery County;

7. Hon. Claudia Laird, County Court at Law 2, Montgomery County;

8. Joseph Guidry, director of Montgomery County Animal Control;

9. Aaron Johnson, director of Montgomery County Animal Shelter; and,

10. Montgomery County, Texas.

(Dkt. 37, at 4-6).[1] Wilson and the HSPCA (together, the "HSPCA Defendants") have filed a motion to dismiss (Dkt. 40). Blackwelder, Chin, Connelly, Laird, Guidry, Johnson, and Montgomery County (together, the "Montgomery County Defendants") have also filed a motion to dismiss (Dkt. 42). Cartwright has filed a separate motion to dismiss (Dkt. 44). Defendants seek dismissal of all of Plaintiffs' claims.

Plaintiffs state that they have operated a private cat sanctuary in Spring, Texas, for 11 years, to "provid[e] a 'forever home' for unwanted, injured, and special needs cats" (Dkt. 37, at 6). They claim that their cat sanctuary has provided "no cost" care and that,

---

[1] Throughout this memorandum opinion, the court's citations to specific pages in the record refer to the pagination of docket entries on the court's electronic case-filing ("ECF") system.

in the past, they sometimes received cats from the Montgomery County animal shelter when the shelter was overcrowded. In December 2017, Defendant Cartwright moved in next door to the Spencers. Plaintiffs allege that Cartwright made false reports about them to a homeowners' association and to several Montgomery County agencies (*id*. at 7-9, 20). They state that they had received no complaints about their cat sanctuary before January 2018.

As of October 10, 2018, the Spencers housed and cared for approximately 231 cats (*id*. at 6). On that day, Wilson arrived with other HSPCA and Montgomery County officials and threatened Dave Spencer with arrest if he did not agree to have approximately 25 cats treated by a licensed veterinarian within three days. Spencer states that he agreed and complied (*id*. at 9-10).

On October 17, 2018, Wilson and approximately 20 other persons, including officials with the HSPCA and Montgomery County, arrived at Plaintiffs' property with a warrant and seized all but six cats (*id*. at 10). Plaintiffs have provided a copy of the warrant, which was based on Texas Health and Safety Code § 821.022 governing seizure of cruelly treated animals (*id*. at 24), and claim that it was "bogus" (*id*. at 11). They state that Cartwright observed from the driveway as officials used "huge nets and other items" to capture the cats, injuring many cats and causing $8,000 of damage to Plaintiffs' property (*id*. at 10). Dave Spencer was provided with a notice of hearing in Justice of the Peace Court, Precinct 3, before Judge Edie Connelly. *See id*. at 26 (notice of hearing for *In re Approximately 200 living, dead, and unborn cats*, Cause No. 18 ADM3-24, Justice of the Peace Court, Precinct 3, Montgomery County).

Judge Connelly held a hearing on October 24, 2018, which Plaintiffs attended. Defendant Chin was the prosecutor for Montgomery County and argued that Plaintiffs had cruelly treated the animals. After a five-hour hearing, Judge Connelly divested Plaintiffs of ownership and title to the seized cats, ordered the cats given to the HSPCA, and taxed costs against the Spencers for $52,137.45. She also set an appellate bond at $104,274.90. *See id*. at 30-31 (order in *In re State of Texas v. Spencer*, Cause No. 18 ADM3-24, Justice of the Peace Court, Precinct 3, Montgomery County). The Spencers subsequently filed a "judicial notice" in which they "direct[ed] the court to take Judicial Notice" that Judge Connelly lacked jurisdiction over the case (*id*. at 33-34). They argue in this Court that Judge Connelly's order was "void as a matter of law" (*id*. at 11).

Plaintiffs appealed Judge Connelly's ruling to the County Court of Law 2 for Montgomery County. They were set for trial on December 4, 2018, before the Hon. Claudia Laird. They allege that they were given notice of the trial only four days before the setting. On December 3, 2018, Plaintiffs filed a "judicial notice" before Judge Laird, again asserting that the warrant was invalid and that the judgment against them was void (*id*. at 43-46). The next day, they filed a second "judicial notice" asserting that the court had no jurisdiction over the matter and, because they were not "lawfully before this court," they had "no obligation under any law to participate" in the proceedings (Dkt. 41, at 15-16).

On December 4, 2018, Judge Laird ordered that the Spencers be divested of ownership and that the cats be given to the HSPCA. *See id*. at 18-19 (order in *State of Texas v. Spencer*, Cause No. 18-31028, County Court of Law 2, Montgomery County).

Judge Laird determined that the court had "jurisdiction over the subject matter in controversy and that venue was proper" (*id*. at 18). She taxed costs against the Spencers in the amount of $100,010 (*id*. at 18-19).

The HSPCA has sent the Spencers multiple letters attempting to collect the taxed costs (Dkt. 37, at 36-41).

Plaintiffs bring claims against the HSPCA Defendants and the Montgomery County Defendants for violation of their rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, alleging that Defendants subjected them to unconstitutional search and seizure, levied excessive bonds and fines, and deprived them of due process of the law. They also allege that all Defendants, including Cartwright, conspired against them in violation of 42 U.S.C. § 1985(3) to engage in an "animal forfeiture scam" interfering with Plaintiffs' rights as the owners of the animals (*id*. at 19-20). They seek declaratory relief from this Court, in addition to the immediate return of all 231 cats, $1.5 million in punitive damages against all Defendants, $500,000 in compensatory damages against the HSPCA Defendants and the Montgomery County Defendants, and their costs and fees (*id*. at 20-21).

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). A motion to dismiss for lack of subject matter

jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

B.  **Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). The court's review is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d

289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents attached to the briefing may be considered by the court if the documents are sufficiently referenced in the complaint and no party questions their authenticity (citing 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004))).

    **C.**    *Pro se* **Pleadings**

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). A pleading filed by a *pro se* litigant must be "liberally construed," even if "inartfully pleaded," and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *accord Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 601 & n.36 (5th Cir. 2017) (declining to strictly construe *pro se* litigant's pleadings in context of motion to dismiss). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

**III.**    **ANALYSIS**

Defendants present multiple grounds for dismissal of Plaintiffs' claims against them, including that the HSPCA Defendants were not acting under color of state law as required for a claim under 42 U.S.C. § 1983; judicial and prosecutorial immunity; the independent intermediary doctrine; collateral estoppel; the *Rooker-Feldman* doctrine; and that the Spencers have failed to adequately plead a conspiracy claim.

### A. *Rooker-Feldman* Doctrine

Plaintiffs bring claims against the HSPCA Defendants and Montgomery County Defendants under 42 U.S.C. § 1983, alleging violations of their constitutional rights. Section 1983 provides a vehicle for a claim against a person "acting under color of state law," such as a law enforcement official, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

Defendants argue that Plaintiffs' § 1983 claims are barred by the *Rooker-Feldman* doctrine. The Supreme Court has long held that state courts must resolve constitutional questions that arise during their proceedings. *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Federal courts do not have the power to reverse or modify state court judgments except when authorized by Congress. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013). The *Rooker-Feldman* doctrine thus deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Truong*, 717 F.3d at 382. If a federal plaintiff's alleged injury arises from an "allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision," then *Rooker-Feldman* bars the federal court's jurisdiction. *Id.* at 382-83 (internal citation and

quotation marks omitted).² The only federal remedy for an erroneous state court judgment is an application for review by the United States Supreme Court:

> If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (footnotes and internal citations omitted); *see Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004).

In this case, Plaintiffs complain of injuries caused by the state courts' judgments against them, including the seizure of the cats and the costs levied against them. *See* Dkt. 37, at 20-21 (seeking federal relief including the immediate return of all 231 cats, compensatory and punitive damages, and their costs and fees). The Spencers lost the case against them before a Justice of the Peace, appealed, and lost again on appeal. Even if their federal civil rights were violated in the state court proceedings, Plaintiffs may not challenge the state judgments against them in this Court. *See Truong*, 717 F.3d at 382.

Plaintiffs invoke an exception to the *Rooker-Feldman* doctrine and assert that their case is a "rare instance" in which the state court judgment at issue is "facially and

---

² *See Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir. 2011) (federal plaintiff's claims regarding foreclosure judgment were barred "because he is complaining of injuries caused by the state court judgments"); *Mosley v. Bowie Cty. Texas*, 275 F. App'x 327, 329 (5th Cir. 2008) (federal plaintiff's § 1983 claims that collaterally attacked as void a state court judgment regarding child support was barred because plaintiff had not sufficiently established that the void judgment exception applied and because the claims invited federal court review of the state court's judgment); *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (unsuccessful state court litigants "'may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits'" (quoting *Hale v. Harney,* 786 F.2d 688, 690-91 (5th Cir. 1986))).

patently void" (Dkt. 45, at 9-10) (citing, *inter alia*, *Pennoyer v. Neff*, 95 U.S. 714 (1878); *U.S. v. Shepherd*, 23 F.3d 923 (5th Cir. 1994)). However, Texas law requires that, "when a collateral attack is made on a judgment, the error which is alleged to render the judgment void must appear on the face of the court record." *Shepherd*, 23 F.3d at 925.[3] In this case, Plaintiffs do not identify to any jurisdictional issue that appears on the face of the state court record. Rather, although they characterize the state judgments as "void," they merely allege that the state courts erred.[4] Plaintiffs therefore fail to establish that the judgments against them are void. *See Shepherd*, 23 F.3d at 925 n. 5; *Mosley*, 275 F. App'x at 329. Even assuming that Plaintiffs could successfully demonstrate errors in the state court proceedings against them, a state appellate court must correct the error. *See Rooker*, 263 U.S. at 416; *Liedtke*, 18 F.3d at 317. Plaintiffs' recourse in federal court "is limited solely to an application for a writ of certiorari to the United States Supreme Court." *See id*.

Because this Court lacks subject matter jurisdiction over Plaintiffs' § 1983 claims, the claims will be **dismissed without prejudice**.

---

[3]  A judgment is void under Texas law "only if it is shown that the rendering court (1) lacked jurisdiction over the party or his property; (2) lacked jurisdiction over the subject matter of the suit; (3) lacked jurisdiction to enter the particular judgment rendered; or (4) lacked the capacity to act as a court." *Id.* at 925 n. 5. "Errors that do not relate to these jurisdictional deficiencies render a judgment merely voidable, and correction of such errors must occur, if at all, on direct attack." *Id.*

[4]  *See, e.g.*, Dkt. 45, at 12 (arguing that the financial amount in dispute exceeded the jurisdictional limit for the Justice of the Peace Court and that Judge Laird on appeal "failed to inspect the record"); Dkt. 52, at 18 ("Plaintiffs do not question the jurisdiction or the legislated authority of the Justice Court to issue a warrant to seize an allegedly cruelly treated animal, but specifically the lack of probable cause on the face of the application of the warrant relating to this matter").

## B. Conspiracy

Plaintiffs also sue all Defendants, including Cartwright, for a conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3). Section 1985(3) applies only to class-based discrimination. *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019). A § 1985 plaintiff must allege that the defendants "(1) conspired; (2) for the purpose of depriving, either directly or indirectly, [the plaintiff] of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) took or caused action in furtherance of the conspiracy; which (4) injured [the plaintiff] or deprived him of his rights or privileges as a United States citizen." *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019). In the Fifth Circuit, "the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Cantu*, 933 F.3d at 419 (internal citation and quotation marks omitted).

Plaintiffs do not claim that the alleged conspiracy against them was motivated by racial animus. Rather, they appear to allege that Defendants were motivated by the fact that Dave Spencer is a senior citizen. *See* Dkt. 45, at 6 ("[b]y their actions, these defendants have shown they hate senior citizens and regularly target them for unlawful seizures of entire herds, entire shelters, and entire populations of animals that are lawfully owned by older citizens"). Their § 1985(3) claim fails on this basis. Moreover, Plaintiffs do not plead any facts alleging that Defendants directed their activities towards senior citizens or were otherwise motivated by reason of Plaintiffs' ages. *See Cantu*, 933 F.3d at 419-20.

To the extent Plaintiffs' claims under § 1985(3) are not barred by the *Rooker-Feldman* doctrine discussed above, they will be **dismissed** for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated above the Court **ORDERS** as follows:

1. The motion to dismiss (Dkt. 40) filed by the Houston SPCA and Wilson is **GRANTED**.

2. The motion to dismiss (Dkt. 42) filed by the Montgomery County Defendants is **GRANTED**.

3. The motion to dismiss (Dkt. 44) filed by Cartwright is **GRANTED**.

4. Plaintiffs' claims under 42 U.S.C. § 1983 are **DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiff's claims under 42 U.S.C. § 1985(3) are **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

5. Defendants' motion to amend (Dkt. 53) and motion to abate (Dkt. 54), which seek to amend deadlines in this litigation, are **DENIED as moot**.

SIGNED this day 18th day of February, 2020.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge